UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHELLE M. J.,

      Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

Civil Action 2:25-cv-786
Chief Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Plaintiff, Michelle M. J. ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for

review of a final decision of the Commissioner of Social Security ("Commissioner") denying her

application for Supplemental Security Income benefits ("SSI"). This matter is before the

undersigned for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 14),

the Commissioner's Memorandum in Opposition (ECF No. 15), and the administrative record

(ECF No. 7, 11). For the reasons that follow, the undersigned **RECOMMENDS** that the Court

**REVERSE** the Commissioner of Social Security's non-disability determination and **REMAND**

this matter pursuant to Sentence 4 of § 405(g).

### I.    BACKGROUND

Plaintiff filed her SSI application in November 2019, alleging that she became disabled

beginning September 12, 2007. (R. at 2909–11.) After that application was denied at the initial,

reconsideration, and hearing levels, Plaintiff sought judicial review in this Court where the

parties jointly moved to remand the matter. (*Id*. at 4689, 4690.) Upon remand, an Administrative

Law Judge ("ALJ") held a telephonic hearing on December 30, 2024, at which Plaintiff, who was represented by counsel, appeared and testified. (*Id*. at 4626–4657.) A vocational expert ("VE") also appeared and testified. On April 7, 2025, the ALJ issued a second unfavorable determination. (*Id*. at 4600–25.)

Plaintiff seeks judicial review of that second determination. She contends that the ALJ reversibly erred when evaluating prior administrative findings and medical opinion evidence. (Pl.'s Statement of Errors 8–10, 11–14, ECF No. 14.) The undersigned agrees that the ALJ erred when evaluating prior administrative findings.[1]

---

[1] Because Plaintiff's challenge to the ALJ's evaluation of the state agency reviewers' findings has merit, the Court need not reach her challenge to the ALJ's evaluation of other medical opinion evidence. On remand, however, the ALJ may consider that challenge if appropriate.

## II.     THE ALJ'S DECISION

The ALJ issued the unfavorable determination on April 7, 2025. (R. at 4600–25.) At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff had not engaged in substantial gainful activity since her November 7, 2019 application date. (*Id*. at 4606.) At step two, the ALJ found that Plaintiff had the following severe medically determinable impairments: interstitial cystitis (IC); trochanteric bursitis of the right hip, status post-surgical removal of a benign mass on the right hip; lumbar degenerative disc diseases; sacroiliitis; eczema; right shoulder impingement syndrome with arthritis; depression and attention-deficit hyperactivity disorder (ADHD). (*Id*.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*. at 4607.)

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence.  *See* 20 C.F.R. §§ 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. §§ 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

3

The ALJ then set forth Plaintiff's residual functional capacity ("RFC")[3] as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except frequent ramps/stairs; occasional ladders/ropes/scaffolds and stooping; frequent reaching and occasional overhead reaching with right arm; frequent handling and fingering; avoid workplace hazards (unprotected heights and machinery). Mentally, she can understand, remember and carry out simple tasks and instructions; no strict production quotas or fast-paced work such as on an assembly line, and have occasional interaction with the general public, co-workers and supervisors.

(*Id.* at 4609–10.)

At step four, the ALJ determined that Plaintiff had no past relevant work. (*Id.* at 4615.) Relying on the VE's testimony at step five, the ALJ determined that considering her age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform including the representative jobs of marker, mail clerk, and routing clerk. (*Id.* at 4616.) Accordingly, the ALJ determined that Plaintiff was not disabled as defined in the Social Security Act during the relevant time frame. (*Id.*)

### III.    STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm a decision by the Commissioner as long as it is supported by substantial evidence and was made pursuant to proper legal standards." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014) (cleaned up); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). While this standard "requires more than a mere scintilla of evidence, substantial evidence means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moats*

---

[3] A claimant's RFC is an assessment of "the most [she] can still do despite [her] limitations" "on a regular and continuing basis." 20 C.F.R. § 416.945(a)(1), (b)–(c).

*v. Comm'r of Soc. Sec.*, 42 F.4th 558, 561 (6th Cir. 2022) (cleaned up) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "examine[ ] the record as a whole and take[ ] into account whatever in the record fairly detracts from the weight" of the Commissioner's decision. *Golden Living Ctr.-Frankfort v. Sec'y Of Health And Hum. Servs.*, 656 F.3d 421, 425 (6th Cir. 2011) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, where "substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (quoting *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## IV.    ANALYSIS

As explained above, Plaintiff contends that the ALJ committed reversible error when evaluating prior administrative findings. (Pl.'s Statement of Errors 8–10, ECF No. 14.) The undersigned agrees.

An ALJ's RFC determination must be "based on all the relevant evidence" in a claimant's case record. 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). The governing regulations[4] describe five categories of evidence: (1) objective medical evidence, (2) medical opinions, (3)

---

[4] Because Plaintiff's application was filed in 2019, it is subject to regulations governing applications filed after March 27, 2017.

other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. §§ 404.1513(a)(1)–(5); 416.913(a)(1)–(5). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a); 416.920c(a). Instead, an ALJ must use the following factors when considering those categories of evidence: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program s policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)–(5); 416.920c(c)(1)–(5).

Although there are five factors, supportability and consistency are the most important, and the ALJ must explain how they were considered. *Id.* With regard to supportability "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion[ ] . . . the more persuasive the medical opinions  . . . will be." 20 C.F.R. §§ 404.1520c(c)(1); 416.920c(c)(1). For consistency, "[t]he more consistent a medical opinion[ ] . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion[ ] . . . will be." 20 C.F.R. §§ 404.1520(c)(2); 416.920c(c)(2).

Here, the state agency reviewers found that Plaintiff had no limitations other than a moderate limitation in her ability to sustain concentration and persistence. (R. at 2815–28167, 2825–26.) They further found that Plaintiff could "sustain concentration, persistence, and pace when tasks are simple to moderately detailed and are of short to moderate duration." (*Id.*)

6

The ALJ determined that those findings were "less persuasive," because later-submitted evidence warranted additional social interaction and concentration limits. (*Id*. at 4614.) The ALJ wrote as follows:

> The undersigned considered the opinion of the Bureau of Disability Determination psychological consultants expressed in the Mental Residual Functional Capacity set forth in Exhibits B4A and B6A. Although neither examining nor treating mental health providers, these experts are licensed psychologists with knowledge of the Social Security Administration's program and requirements; however, additional evidence received since the determination supports a finding of additional limitations, as assessed above, including social functioning and concentration limitations due to symptoms of ADHD and mood swings, as reported. Therefore, the undersigned finds the Bureau of Disability Determination opinion(s) less persuasive.

(*Id*.)

As this discussion demonstrates, the ALJ made passing reference to the consistency factor by noting that later-submitted evidence justified additional limits. (*Id*.) Defendant contends that the ALJ's reference to later-submitted evidence also addressed the supportability factor because the reviewers' findings could not have been based on, or supported by, evidence that post-dated their review. (Def.'s Mem. in Opp'n 8, ECF No. 15.)

Plaintiff does not, however, simply challenge the ALJ's articulation. Instead, she contends that the ALJ erred by failing to include in her RFC the reviewers' limit to tasks of short-to-moderate duration. (Pl.'s Statement of Errors 10, ECF No. 14.) The undersigned agrees. As Plaintiff points out, the ALJ discounted the reviewers' findings only because *additional* social interaction and concentration limits were warranted. (*Id*. at 9.) The most reasonable reading of this explanation is that the ALJ otherwise accepted the reviewers' findings and intended to supplement them. And consistent with that approach, the ALJ added to Plaintiff's RFC social interaction and pace limits that the reviewers did not endorse. (*Id*. at 4614, 2815–28167, 2825–26.) He also modified downward the reviewers' findings about task complexity (from "simple to

7

moderately detailed" tasks to "simple" tasks). (*Id*.) But the ALJ omitted, without explanation, the reviewers' specific restriction to tasks of short-to-moderate duration. (*Id*.) Because the ALJ appeared to adopt the reviewers' findings except to add additional ones, it was error to omit the reviewers' short-to-moderate duration limit.

Defendant nevertheless contends that by including a simple tasks limit in Plaintiff's RFC, the ALJ accommodated the reviewers' short-to-moderate duration limit. (Def.'s Mem. in Opp'n 7–8, ECF No. 15.) The undersigned is not persuaded. In *Ealy v. Commissioner of Social Security*, a plaintiff's psychologist limited him to "simple, repetitive tasks for two-hour segments over an eight-hour day where speed was not critical." 594 F.3d 504, 516–17 (6th Cir. 2010). Although the ALJ purported to adopt that opinion, the RFC and the question posed to the VE in that case included only a limit to "simple, repetitive tasks and instructions in non-public work settings." *Id.* The Sixth Circuit held that because the ALJ omitted the psychologist's specific restrictions regarding two-hour work segments and speed, the ALJ's formulation did not fully convey plaintiff's limitations. (*Id*.) Notably, post-*Ealy* cases have clarified that a limit to simple, unskilled work does not automatically fail to address a plaintiff's moderate impairment in concentration, persistence, and pace. *See, e.g.*, *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 437 (6th Cir. 2014) (clarifying *Ealy*). Rather, *Ealy* instructs that a limit to "simple, repetitive tasks" is sufficient *unless* a persuasive medical opinion includes a more specific, concrete functional limitation on a plaintiff's ability to maintain pace or sustain work over time. *See e.g., Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 635 (6th Cir. 2016) (same).

Such is the case here. Like the limit to work performed in "two-hour segments" in *Ealy*, the reviewers' limit to tasks "of short to moderate duration" constituted a more specific, concrete functional limit on the length of time Plaintiff could perform a task. The ALJ was, therefore,

8

required to include it in Plaintiff's RFC or explain its omission. Stated differently, given the ALJ's articulation, the ALJ could add more limits to the reviewers' findings, but he could not subtract from them without an adequate explanation for doing so. Thus, contrary to Defendants' contentions, under *Ealy* and its progeny, a limit to simple work did not adequately accommodate the reviewers' findings in this instance.

The *Ealy* holding implicitly reflects that a limit to simple tasks addresses task complexity, not duration. Simple tasks might involve fewer steps, more minimal judgment, and fewer cognitive demands. But simple tasks do not necessarily require less time to complete. For example, performing inventories may entail simple tasks like counting and recording totals. And quick spot-checks or brief cycle counts may not take much time. But a full inventory or an audit might take an extended period to complete even if it only requires simple counting.

Moreover, the reviewers here found that Plaintiff was limited to tasks that were both "simple to moderately detailed" and of "short to moderate duration." Although there is no strict "rule against redundancy" in the Social Security context, the most natural reading of this finding is that the reviewers, who are agency experts, intended to describe limits in two different areas (*i.e.*, complexity and duration) as opposed to describing the same limit twice.

For all these reasons, the undersigned concludes that the ALJ committed reversible error when evaluating the reviewers' findings.

## V.     RECOMMENDED DISPOSITION

Accordingly, it is **RECOMMENDED** that the Court **OVERRULE** the Commissioner's non-disability determination and **REMAND** this matter.

9

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE